# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3243

_____

In re: Travelers Home and Marine Insurance Company

*Petitioner*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: September 25, 2017
Filed: October 6, 2017
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Greg Boss's home in the Eastern District of Missouri suffered hail damage in June 2014. Boss filed a property damage claim under the replacement cost homeowners' insurance policy issued by Travelers Home and Marine Insurance Company. After Travelers paid Boss the "actual cash value" of the loss prior to repair or replacement, Boss brought this putative class action in the Western District of Missouri, alleging that Travelers breached the insurance contract by deducting "labor depreciation" from the estimated replacement cost in determining actual cash value. Travelers filed a motion to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice," to the Eastern District of Missouri, where the insured property, Travelers' Missouri claim office, and all Missouri-based documents

and witnesses are located.  28 U.S.C. § 1404(a).  The district court denied the motion, and Travelers petitioned this court for a writ of mandamus instructing the district court to transfer venue to the Eastern District of Missouri.  "[W]e have recognized that the writ of mandamus is proper, albeit extraordinary, relief for an erroneous ruling on a motion to transfer under § 1404(a)."  In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010).

In its Order denying the motion to transfer venue, the district court relied, to a substantial extent, on the fact that "the issue most likely to be in dispute in this case is whether labor is depreciable when actual cash value is calculated.  This very issue has been previously addressed by the Court" in LaBrier v. State Farm Fire & Cas. Co., 147 F. Supp. 3d 839 (W.D. Mo. 2015).  With interlocutory appeals in the LaBrier case also pending, on August 11, 2016 we entered an order in this case "that the petition will be held in abeyance pending the entry of a dispositive order in No. 16-3185, In re State Farm Fire & Cas. Co."  We have now filed an opinion reversing the district court's resolution of the labor depreciation issue in LaBrier and its certification of a class in that case, and remanding with directions to dismiss the named plaintiff's complaint.  In re: State Farm Fire & Cas. Co., Nos. 16-3185 and 16-3562 (8th Cir. Sept. 25, 2017).  Accordingly, we now grant the petition for a writ of mandamus, vacate the district court's Order dated June 8, 2016, and remand for further proceedings in light of our decision in In re: State Farm.

_____